IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIANNA SPARACINO<br>*on behalf of herself and all others similarly situated*<br>    *Plaintiff*<br><br>    v.<br><br>WIDENER UNIVERSITY<br>    *Defendant* | Case No. 24-1001 |

# ORDER

**AND NOW**, this 19th day of March, 2025, it is **ORDERED** that counsel for the parties are to appear for an initial pretrial conference pursuant to Fed. R. Civ. P. 16(a) on April 9, 2025 at 10:00 a.m., in Chambers Room 3042, 3rd floor at the James A. Byrne United States Courthouse located at 601 Market Street, Philadelphia, PA 19106.  Prior to the pretrial conference, the parties are directed to confer and prepare a joint report pursuant to Fed. R. Civ. P. 26(f) using the attached format.  At least three days prior to the initial pretrial conference, counsel for the parties shall submit the joint report to chambers via email.  The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) at least one business day in advance of the initial pretrial conference.

BY THE COURT:

_____
MARY KAY COSTELLO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
|  | CIVIL ACTION |
| v. | NO. |
|  |  |

**JOINT RULE 26(f) REPORT**

In accordance with Federal Rule of Civil procedure 26(f), counsel for the parties conferred on (insert date) and submit the following report of their meeting for the Court's consideration:

**I.  Description of Claims and Defenses**

The parties should assume that the Court has read the Complaint and is familiar with the claims.  However, the Court does not know all the facts supporting those claims, nor the factual bases for the defenses.  Therefore, counsel should summarize the primary facts and threshold legal issues.  These summaries can be listed by party and as separate narratives.  Counsel should not merely parrot their pleadings.  In addition, the parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

**II.  Informal Disclosures**

Confirm each party's compliance with Federal Rule of Procedure 26(a), including the date of exchange.  Initial disclosures should be completed before the initial pretrial conference.

**III.     Formal Discovery**

Summarize the issues on which the parties will need to conduct discovery. Identify categories of information each party needs in discovery, the anticipated number of depositions per party, the likely third-party discovery to be sought, and whether the parties anticipate the need for expert witnesses. For expert witnesses, please state the general subject on which the experts may opine and whether the parties anticipate conducting expert depositions.

**IV.     Proposed Case Management Deadlines**

Identify proposed deadlines for the exchange of expert reports, the completion of all discovery, and the filing of dispositive motions. The parties should presume that the Court will <u>not</u> bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account. In most cases, the Court will allow 120 days from the date of the initial pretrial conference to complete all discovery. The Court will permit additional time if the parties identify compelling reasons to do so.

**V.      Electronic Discovery**

Prior to the initial pretrial conference, the Court expects the parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery. The parties should summarize their discussion of these issues here.

**VII.** **Protective Orders and Confidentiality Agreements**

The parties should indicate whether they anticipate the need for a protective order in this case. If so, the parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards.

**VII.** **Alternative Dispute Resolution**

The parties should familiarize themselves with Local Rule 53.3 before responding. Discuss whether the parties have considered the use of alternative dispute resolution or have engaged in settlement discussions. Explain any decisions not to seek early resolution. State what mediation options the parties may consider and when mediation would be appropriate.

**VIII.** **Consent to Send Case to a Magistrate Judge**

The parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

**IX.** **Other Matters**

The parties should identify any other issues that have not been addressed above but may require the Court's attention.

Date:

_____          _____
Attorney Signature                                       Attorney Signature