**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

GIANNA SPARACINO, *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

WIDENER UNIVERSITY,

Defendant.

Case No. 2:24-cv-01001-MKC

# FINAL JUDGMENT

**WHEREAS**, the Parties to the above-captioned putative class action (the "Action") executed a Stipulation of Settlement dated as of October 27, 2025 (the "Settlement");

**WHEREAS**, on February 24, 2026, the Court entered an Order granting Plaintiff's Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class defined as:

> All Widener University students whose payment obligation of tuition and/or fees was satisfied for the Spring 2020 semester, and who were enrolled in at least one in-person on-campus class during the Spring 2020 semester.
>
> Excluded from the Settlement Class are all Widener students who received scholarships, grants, or credits that equaled or exceeded their total payment obligations to Widener for the Spring 2020 semester, or who were otherwise not obligated to make contributions, payments or third-party arrangements towards tuition or fees for the Spring 2020 semester.

(iii) preliminarily appointed Named Plaintiff Gianna Sparacino as Settlement Class Representative; (iv) preliminarily appointed Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. as Class Counsel; (v) approved the forms and manner of notice of the Settlement to Potential Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the Potential Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, on April 10, 2026, notice of the Settlement was provided to Potential Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on May 12, 2026, Class Counsel filed their Motion for Award of Attorneys' Fees, Costs, and Case Contribution Award to Settlement Class Representative and accompanying Memorandum of Law and supporting exhibits ("Fee Application");

**WHEREAS**, on June 18, 2026, Named Plaintiff filed her Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits;

**WHEREAS**, on June 30, 2026, at 2:00 pm at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, Courtroom 6A, 601 Market Street, Philadelphia, PA 19106, this Court held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class (the "Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, as well as personal jurisdiction over all the Parties and all Settlement Class Members for purposes of the Settlement.

B. This Order incorporates the definitions in the Settlement and all terms used in the Order have the same meanings as set forth in the Settlement, unless otherwise defined herein.

C. The Short Form Notice and Long Form Notice (the "Notices") provided to the Potential Settlement Class Members in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; were reasonable and constituted due, adequate, and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

D. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E. For purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F. Class Counsel and the Settlement Class Representative have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of negotiating, entering into, and implementing the Settlement. Class Counsel and the Settlement

Class Representative have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

G. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class; (ii) it was the product of informed, good faith, arm's-length negotiations among competent, able counsel; (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representative and Widener to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H. There are no Settlement Class Members who have timely and validly requested exclusion from the Settlement Class.

I. There are no Settlement Class Members who have timely and validly objected to the Settlement.

J. The Settlement Class Representative and the Settlement Class Members are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class.

2. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it provisionally certified in its Preliminary Approval Order, and finds that all of the requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied.

3. The Court confirms the appointment of Gianna Sparacino as Settlement Class Representative.

4. The Court confirms the appointment of Nicholas A. Colella of Lynch Carpenter, LLP and Michael A. Tompkins and Anthony M. Alesandro of Leeds Brown Law, P.C. as Class Counsel.

5. The Court confirms the appointment of RG/2 Claims Administration LLC as Settlement Administrator. It shall perform the duties and responsibilities as set forth in the Settlement Agreement with respect to the distribution of the Settlement Fund.

6. The Court finds and confirms that the Settlement Fund is a "qualified settlement fund" as defined in Sections 468B-1 through 468B-5 of the Treasury Regulations.

7. The Settlement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties with respect to Released Claims.

8. Final Judgment shall be, and hereby is, entered dismissing the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, and without fees or costs to any Party, except as provided in the Settlement Agreement.

9. As of the Effective Date, the Releasing Settlement Class Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Widener Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Widener Parties. The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement. The Releasing Settlement Class Parties are not, however, precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

10. The manner of distribution of the Net Settlement Fund and Non-Cash Benefit as described in the Settlement and in the Notices to Potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Net Settlement Fund or Non-Cash Benefit, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

11. Neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Widener of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as

an admission, concession, presumption, or inference against Widener or the Released Widener Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

12. Without affecting the finality of this Final Judgment in any way, the Court retains and reserves continuing and exclusive jurisdiction as to all Settlement Class Members and matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

13. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

14. There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.

15. In the event that this Final Judgment does not become Final in accordance with Paragraph 1(l) of the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

16. Plaintiff's Motion for Final Approval of Class Action Settlement is **GRANTED**.

Dated: August 14, 2026

Mary Kay Costello

Hon. Mary Kay Costello
United States District Judge